UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GUILLERMO GARCIA, | ) |
| Petitioner, | ) |
| v. | ) No. 4:12-CV-519 CAS |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on petitioner Guillermo Garcia's request for an emergency stay of removal pending resolution of his petition for writ of error coram nobis. Petitioner seeks to vacate his underlying conviction based upon Padilla v. Kentucky, __ U.S. __, 130 S. Ct. 1473 (2010), in which the Supreme Court held that defense counsel's failure to advise a non-citizen defendant of the immigration consequences of his plea can constitute ineffective assistance of counsel in certain circumstances.

Petitioner alleges that he was requested to report to Immigration and Customs Enforcement ("ICE") on March 26, 2012, that he reported to ICE, and was taken into custody. Petitioner requests a stay of the removal proceedings, which he states are based on the conviction he seeks to challenge in this action, pending resolution of his petition for writ of error coram nobis. It appears that petitioner's request is premature, because he does not allege that a final order of removal has been entered, or that he has raised the Padilla issue in immigration proceedings. See United States v. Villa-Gutierrez, 2011 WL 4600594, at *1 (D. Neb. July 19, 2011); 8 U.S.C. § 1252(d)(1).

More importantly, even if petitioner's claim was ripe for review, this Court lacks jurisdiction to review removal proceedings. See Immigration and Naturalization Act § 242(a)(5), 8 U.S.C.

§ 1252(a)(5) ("the REAL ID Act").  The Real ID Act specifically divests district courts of jurisdiction arising from the removal orders of aliens.  See id.  A petition for review in the appropriate federal court of appeals is the sole and exclusive means for judicial review of an order of removal.  8 U.S.C. § 1252(a)(5); Haider v. Gonzales, 438 F.3d 902, 906 (8th Cir. 2006).  Appeals courts also have the authority to consider constitutional claims or questions of law raised in a criminal alien's petition for review.  Bonhometre v. Gonzales, 414 F.3d 442, 445-46 (3d Cir. 2005).  Before seeking review in the court of appeals, however, an applicant must first raise the issue in immigration proceedings in order to give immigration officials the opportunity to resolve a controversy or correct their own errors before judicial intervention.  Id. at 447; 8 U.S.C. § 1252(d)(1).

The REAL ID Act does not completely strip district courts of jurisdiction to hear habeas petitions from individuals subject to removal orders.  District courts may review habeas claims challenging an individual's administrative detention, separate from a challenge to a removal order.  Moallin v. Cangemi, 427 F.Supp.2d 908, 920-21 (D. Minn. 2006); see also Mhanna v. United States Dep't of Homeland Sec. Citizenship and Immigration Servs., 2010 WL 5141803, at *12 (D. Minn. Dec. 13, 2010).

Here, petitioner's request does not state that he has been administratively detained, but rather seeks only the stay of removal.  If petitioner were detained, he could challenge detention by ICE in a petition for writ of habeas corpus under 28 U.S.C. § 2241, which is a separate civil proceeding from a petition for writ of error coram nobis to vacate a sentence imposed by this Court.  Any arguments by petitioner based on wrongful or improper detention by ICE cannot be addressed by this Court in a coram nobis action.

Accordingly,

**IT IS ORDERED** that petitioner's motion for an emergency stay of removal pending decision on the petition for writ of error coram nobis to vacate his guilty plea is **DENIED** for lack of jurisdiction. [Doc. 4]

　　　　　　　　　　　　　　　　　　／s／ Charles A. Shaw
　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　**CHARLES A. SHAW**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated this  30th  day of March, 2012.