UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GUILLERMO GARCIA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:12-CV-519 CAS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Guillermo Garcia's petition for writ of error coram nobis.[1] Petitioner, a native of El Salvador, seeks to vacate his criminal conviction on the basis that his counsel was ineffective for failing to advise him that a plea of guilty would result in an order of deportation. The government responds that the petition should be dismissed. Petitioner did not file a reply in support of his petition and the time to do so has passed. Having reviewed the matter, the Court finds that petitioner is not entitled to coram nobis relief and this matter should be dismissed.

**Discussion**

On July 25, 2002, petitioner pleaded guilty to misuse of a social security number, a Class D Felony. See United States v. Garcia, 4:02-CR-252 CAS (E.D. Mo.). On October 10, 2002, the Court sentenced petitioner to two years of probation. Id. At that time, petitioner was an unlawful alien under Temporary Protected Status with the INS. Id.

Temporary Protected Status ("TPS") may be granted to nationals of countries where the Secretary of Homeland Security finds that such nationals cannot safely return to that country

---

[1] Petitioner filed a Motion to Vacate Conviction. Because Mr. Garcia was no longer incarcerated at the time he filed the Motion to Vacate Conviction, the Court construed the motion as a petition for writ of error coram nobis. See Case Management Order at 1, n.1 (Doc. 3).

because of natural disasters, armed conflict, or other "extraordinary and temporary conditions" that make return unsafe. 8 U.S.C. § 1254a(b)(1). Individuals are disqualified from TPS eligibility if convicted of a felony. 8 U.S.C. § 1254a(c)(2)(B)(i). El Salvador is one of the countries currently designated for TPS. See Extension of the Designation of El Salvador for Temporary Protected Status and Automatic Extension of Employment Authorization Documentation for Salvadoran TPS Beneficiaries, Fed. Reg., Vol. 77, No. 7, 1710-15 (January 11, 2012), available at http://www.gpo.gov/fdsys/pkg/FR-2012-01-11/html/2012-143.htm (last accessed May 2, 2013).

Petitioner claims that he is now subject to an Order of Removal because of his 2002 conviction. Petitioner alleges that if his counsel had informed him he would be subject to deportation based on his felony conviction, he would not have pleaded guilty but would have insisted on going to trial. In Padilla v. Kentucky, 559 U.S. 356 (2010), the Supreme Court held that a criminal defendant's Sixth Amendment right to effective assistance of counsel may be violated when his lawyer misadvises or fails to advise him about deportation risks associated with a guilty plea. Petitioner argues that because his counsel failed to advise him that a felony conviction would lead to his deportation, the Court should find that counsel was ineffective under Padilla and vacate his conviction.

This case was stayed on the government's motion while the Supreme Court addressed the question whether Padilla's holding applies retroactively to cases on collateral review, such as this case. In Chaidez v. United States, 133 S. Ct. 1103 (2013), the Supreme Court held that Padilla does not apply retroactively to cases on collateral review. Petitioner's case was final years before Padilla was issued. As a result of the Supreme Court's ruling in Chaidez, petitioner and other "defendants

2

whose convictions became final prior to Padilla cannot benefit from its holding." Chaidez, 113 S. Ct. at 1113.

Accordingly,

**IT IS HEREBY ORDERED** that Guillermo Garcia's Petition for a Writ of Error Coram Nobis is **DISMISSED**.  [Doc. 1]

An order of dismissal will issue separately.

                                        **CHARLES A. SHAW**
                                        **UNITED STATES DISTRICT JUDGE**

Dated this   2nd   day of May, 2013.